IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON a/s/o G6 HOSPITALITY d/b/a MOTEL #6 1489**<br>**One Lime Street**<br>**London EC3M 7HA**<br>**United Kingdom,**<br><br>   Plaintiff,<br><br>vs.<br><br>**JOY ROSELLE LLOYD**<br>**13442 Rising Sun Lane**<br>**Germantown, MD  20874**<br><br>   Defendant. | Case No.: 8:20-CV-03029 |

## COMPLAINT

Plaintiff, Certain Underwriters at Lloyd's, London, collectively as subrogee of G6 Hospitality doing business as Motel #6 1489 ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant, Joy Roselle Lloyd ("Defendant"), and complains against her as follows:

### PARTIES

1. Plaintiff is a group of non-U.S.-based insurance underwriters with an interest in the policies at issue, which policies have been designated as follows: PRPNA1800673 and PRPMB1800010-1-001.

2. At all relevant times, Plaintiff was composed of the following interested parties who are all non-U.S.-based commercial entities engaged in the business of insurance:

- Lockton Companies International Limited – The St. Botolph Building, 138 Houndsditch, London EC3A 7AG

- AWAC – 27 Richmond Road, Pembroke, Bermuda HM08

3. At all relevant times, Plaintiff was authorized to provide in Maryland the insurance described herein.

4. Plaintiff provided via the aforementioned policies – which were in force at all relevant times – property (*inter alia*) insurance to G6 Hospitality doing business as a hotel facility, i.e. Motel #6 1489 ("subrogor") in connection with its property at the above-captioned address ("subject property").

5. In the wake of the incident described below, as a result of claims made on the aforementioned policies (which were paid pursuant thereto), Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid thereunder, including the claims asserted in this action.

6. Upon information and belief, Defendant was at all relevant times an adult individual, domiciled in Maryland and residing at above-captioned address.

## STATEMENT OF FACTS

7. On or about October 30, 2018, a fire erupted at the subject property, specifically in Room 238 of that hotel facility (of which Defendant had been the sole renter and occupant at all relevant times).

8. Investigation as to the fire's cause revealed that it resulted from Defendant's negligent and careless use, handling and/or disposal of a fire-causing instrumentality that came in contact with combustible materials.

9. The fire resulted in substantial damage to the subject property, as well as the imposition of other expenses and harms besides, totaling in excess of $200,000.00.

10. Subrogor submitted claims to Plaintiff pursuant to the aforementioned policies; Plaintiff paid such claims consistent with the terms and conditions thereof, thereby becoming subrogated to the claims asserted in this action.

## COUNT I – NEGLIGENCE

11. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

12. Defendant owed subrogor a duty of care to refrain from engaging in conduct that created a foreseeable likelihood of harm to the subject property, as well as the imposition of other expenses and harms besides.

13. Defendant knew or should have known that negligent and careless use, handling and/or disposal of a fire-causing instrumentality would place subrogor, and others similarly situated, at risk of foreseeable harm and damages.

14. Defendant's negligence, carelessness and other unlawful actions and/or omissions consisted of, but are not limited to, the following:

   (a) Carelessly using, handling, and/or disposing of a fire-causing instrumentality;
   (b) Carelessly using, handling, and/or disposing of combustible materials;
   (c) Failing to properly extinguish a fire-causing instrumentality and/or combustible materials;
   (d) Failing to exercise the reasonable care owed to subrogor;
   (e) Allowing an open flame and/or sparks to come in contact with combustible materials;
   (f) Carelessly causing a fire at the subject property;
   (g) Carelessly failing to extinguish a fire at the subject property; and/or
   (h) Otherwise acting negligently and carelessly under the circumstances.

15. Defendant's negligent, careless and other unlawful actions and/or omissions were the direct and proximate cause of the damages subrogor sustained.

16. Subrogor submitted claims to Plaintiff pursuant to the aforementioned policies; Plaintiff paid such claims consistent with the terms and conditions thereof, thereby becoming subrogated to the claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $200,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted this 19th day of October, 2020.

> /s/ James D. Skeen
> James D. Skeen (00010)
> Terry L. Goddard Jr. (15460)
> SKEEN & KAUFFMAN, LLP
> 1311 Cox Street
> Baltimore, MD 21211
> (410) 625-2272
> (410) 625-2292
> jskeen@skaufflaw.com
> tgoddard@skaufflaw.com
>
> Attorneys for Plaintiffs